**Dated: May 23, 2019**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                    )
                                          )
                                          )        Case No. 19-11661-JDL
FDV Artfolio LLC                          )        Ch. 7
                    Debtor.               )

## <u>ORDER DETERMINING STAY NOT IN EFFECT</u>

Movant, Shirin Asghari ("Asghari"), has moved the court for a "comfort order" determining that there is no automatic stay in effect to prevent her from continuing her state court litigation against Fabrice Vallet de Villeneuve ("Villeneuve"), a non-debtor manager of the Debtor limited liability company. Alternatively, Asghari requests that if the Court determines the automatic stay is in effect, it enter an order lifting the same under 11 U.S.C. § 362(d).[1] Before the Court for consideration are Asghari's *Motion for Clarification of the Automatic Stay* [Doc.11]; *Debtor's Response to Motion of Shirin Asghari for*

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

*Clarification of the Automatic Stay* [Doc.17] and *Shirin Asghari's Reply in Support of Her Motion for Clarification of the Automatic Stay* [Doc.18].  The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). The following represents the Courts Findings of Fact and Conclusions of Law as required by Fed.R.Bankr.P. 7052 and 9014.

## I.  Factual Background

1.  There is a consolidated action pending in the District Court of Oklahoma County styled "*FDV Artfolio LLC and Fabrice Vallet de Villeneuve, Plaintiffs v. BOKF, N.A. d.b.a. Bank of Oklahoma, N.A., Defendant; and  Fabrice Vallet de Villeneuve, an individual and FDV Artfolio LLC, an Oklahoma Limited Liability Company, Plaintiffs and Counter-Defendants v. Shirin Asghari, an individual and Michael Igleheart, an individual, Defendants and Counter-Plaintiffs*, Case No. CJ-2012-7757 (the "State Court Action").

2.  In the State Court Action, the Debtor and Villeneuve brought suit against Asghari and Igleheart, and Asghari and Igleheart filed a counterclaim against the Debtor and Villeneuve.  The Debtor and Villeneuve filed a Motion for Summary Judgment.   Asghari and Igleheart filed Motions for Partial Summary Judgment on their counterclaims.  On May 24, 2018, the District Court entered its *Order Granting Motions for Partial Summary Judgment* by which it denied the Debtor and Villeneuve's Motion for Summary Judgment and granted Asghari and Igleheart's Motion for Partial Summary Judgment.  The State Court's Order found, in pertinent part:

> 2.  Defendants' Motion on Plaintiffs' Claims is GRANTED.  The Court further finds that the facts are not disputed in a material way which would permit any claim asserted by Plaintiffs/Counterclaim Defendants to go to a jury and hereby

2

enters summary judgment in favor of Defendants/Counterclaim Plaintiffs on all claims asserted against them by Plaintiffs/Counterclaim Defendants.

3.  Defendant's Motion on Their Counterclaims is GRANTED.

In accordance with the rulings stated above, the Court finds that the only issue left for trial is the amount of damages incurred by Defendants/Counterclaim Plaintiffs with regard to the actions taken by Plaintiff/Counterclaim Defendant Fabrice Vallet de Villenneuve.[2]

3.  The State Court jury trial on the issue of damages to be awarded Asghari as against Villeneuve was scheduled to begin on April 29, 2019.  On April 25, 2019, the Debtor filed for relief under Chapter 7.

4.  Upon receipt of the notice of Debtor's bankruptcy filing, the State Court Judge presiding over the action informed the parties that the State Court Action was stayed as to all defendants.  Asghari has filed the present Motion before this court "as a prerequisite to asking the Judge in the State Court Action to promptly reset her claims against Villeneuve for trial." [Doc. 11, ¶ 16].

## II.  Discussion

While not denominated as such, Asghari is seeking a "comfort order".  Comfort orders serve a valuable purpose.  The orders, entered primarily for a third party's benefit, often help a state court attempting to determine whether it can proceed with a pending action.  The orders merely identify and reiterate what has already occurred by operation of law.  Comfort orders also protect creditors "from the potential ramifications of acting in violation of the automatic stay by obtaining a cloak of cover from the court." *In re Ermi*,

---

[2] This Court is entitled to take judicial notice of both its own and other state or federal docket sheets. *United States v. Ahidley,* 486 F.3d 1184, 1192, n. 5 (10th Cir. 2007).

3

2006 WL 2457144 at *2 (Bankr. N.D. Ohio 2006); *In re Thomas*, 469 B.R. 915, 921 (10th Cir. BAP 2012) ("The relief granted pursuant to this provision is often called a 'comfort order', as it is typically needed by claimants to satisfy state courts that the underlying dispute may proceed despite pendency of a bankruptcy case."). The power to issue comfort orders is encompassed within § 105 of the Bankruptcy Code, which supplies bankruptcy courts with the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

By its terms, § 362(a)(1) prohibits the commencement or continuation of a proceeding only if it is a proceeding "against the debtor." "It is a black letter bankruptcy principle that 11 U.S.C. § 362(a) does not create a general, automatic stay of a creditor's right to assert claims against non–debtor parties who are related to the debtor in some fashion." *In re Agrawal,* 2017 WL 6403066 at *2 (Bankr. W.D. Okla. 2017); M*aritime Electric Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3rd Cir. 1991) ("the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor."); *Fox Valley Construction Workers Fringe Benefit Funds v. Pride of The Fox Masonry and Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998); *In re Philadelphia Newspapers, LLC*, 407 B.R. 606, 616 (E.D. Pa. 2009) (the automatic stay applies only against the "debtor", and does not extend to protect "sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor.").

Courts may extend the automatic stay in very narrow situations to non-debtor third-

parties if "unusual circumstances" are present, including where there is such an identity between the debtor and the third-party defendant that a judgment against the third-party-defendant will in effect, be a judgment or finding against the debtor. *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141-42 (10th Cir. 1994) (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), cert. denied, 479 U.S. 876, 107 S.Ct. 251 (1986); *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 510 (3rd Cir. 1997). One example of this narrow application of the automatic stay to non-debtor parties is "where stay protection is essential to the debtor's efforts of reorganization." *In re Xtra Petroleum Transport, Inc*., 473 B.R. 430, 435 (Bankr. D. N.M. 2012). In the present case, reorganization is not a factor since this is a chapter 7 proceeding.

More importantly, neither the Debtor nor Villeneuve have even asserted that "unusual circumstances" exist by which this Court could even consider extending the automatic stay to Villeneuve by using its powers to issue an injunction under § 105(a). Unlike the automatic stay applicable to a debtor under § 362(a), "[t]he party seeking to invoke an extension of the stay [under § 105(a)] must affirmatively seek an order from the bankruptcy court." *In re Vector Arms, Corp*., 2015 WL 8999261 at *6 (Bankr. D. Utah 2015) (quoting *C.H. Robinson Co. v. Paris & Sons, Inc*., 180 F.Supp.2d 1002, 1018 (N.D. Iowa 2001)); *In re Medical Management Group, Inc.*, 302 B.R. 112, 2003 WL 21487310 (10th Cir. BAP 2003) ("The relief available under section 105 is in the nature of an injunction and is governed by the principles that govern injunctions in general", including the burden of proof.). The Debtor and Villeneuve have not sought that relief. Accordingly, the Court finds and

**IT IS ORDERED** that there is no automatic stay applicable to Shirin Asghari

proceeding with her claims against Fabrice Vallet de Villeneuve in the above referenced State Court Action.[3]

### # # #

---

[3] Asghari has also asked this Court to find that "the bankruptcy stay does not provide Mr. Villeneuve with a basis to object to evidence that may be offered in the trial of Ms. Asghari's claims against him." [Doc. 18, pg. 2]. This Court declines to instruct the State Court Judge on how to conduct her trial, including the determination as to the admissibility of any evidence.